# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| AALIM MOHAMMAD ) | No. 09 B 43687 |
| ) | |
| Debtor. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter coming to be heard on the motion of OneWest Bank, FSB [hereinafter OneWest] for relief from the automatic stay and the objection of Debtor to the proof of claim of OneWest, due notice having been given, and a hearing having been held:

The following constitute the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052:

## FINDINGS OF FACT

1. OneWest presented overwhelming evidence which disproves the testimony of debtor and supports its position with respect to the objection to claim and motion for relief from stay.

2. A sufficient and proper foundation was laid for all documents entered into evidence by OneWest including:

>   OneWest's Exhibit 1: the Affidavit of Suchan Murray

>   OneWest's Exhibit 2: Certified Copy of the Recorded Mortgage

>   OneWest's Exhibit 4: Copy of the Recorded Assignment from original Mortgagee to IndyMac Bank, F.S.B.

>   OneWest's Exhibit 5: Copy of the Office of Thrift Supervision's Order 2008-24

    OneWest's Exhibit 6: Copy of Office of Thrift Supervision's Bill of Sale

    OneWest's Exhibit 13: Copy of OneWest's Filed Proof of Claim

    OneWest's Exhibit 14: The Original Note signed by the Debtor and copy thereof which was authenticated

    OneWest's Exhibit 15: Excerpted Attachment to OTS Bill of Sale reflecting subject loan

  3.  All the above documents, including particularly the Original Note presented in open court, are authentic.

  4.  The debtor's testimony is not credible as in his testimony the debtor at first acknowledged his signature on a copy of the Note and later altered his testimony, at one point even testifying that he didn't know if he had ever taken out a mortgage. This last testimony was offered despite debtor scheduling the mortgage and a monthly mortgage payment in his bankruptcy schedules which he signed under penalty of perjury.

  5.  The debtor did in fact sign a Note and Mortgage, that the debtor owes a debt on account of that note and mortgage, and that said mortgage constitutes a valid security interest against the property commonly known as 9145 S. Richmond Avenue, Evergreen Park, Illinois.

  6.  Other Facts set forth in the Conclusions of Law shall stand as additional Findings of Fact.

## **CONCLUSIONS OF LAW**

1. The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings under 28 U.S.C. § 157(b)(2)(G) and 28 U.S.C. § 157(b)(2)(B)

2. The original Note is endorsed in blank, and the possession of said Note constitutes prima facie evidence of ownership of the note pursuant to 810 ILCS 5/3-205(b) and applicable federal and Illinois case law. See, *Carpenter v. Logan*, 83 U.S. 271, 275 (1871); *Siller v. Riva*, 278 Ill. App. 334 (4th Dist. 1935) citing *Henderson v. Davison*, 157 Ill. 379 (Sup. Ct. Ill. 1895) and *Palmer v. Gardiner*, 77 Ill. 143 (Sup. Ct. Ill. 1875); *Rugen v. Van Verschot*, 274 Ill. App. 359 (1st Dist. 1934); *In re BNT Terminals, Inc.*, 125 B.R. 963, 970 (N.D. Ill. 1990); *Elvin v. Wuchetich*, 326 Ill. 285, 288 (1927); and Moore v. Lewis, 51 Ill. App. 3d 388, 391 (4th Dist., 1977).

3. OneWest is successor in interest to Indy Mac Bank, F.S.B. and as possessor of the original note is the proper party to enforce said Note and Mortgage.

4. The Debtor is in material default under said Note and Mortgage, both pre- and post-petition.

5. The Creditor has met its burden to show a colorable interest in the subject real property as required under *In re Vitreous Steel Products Co.*, 911 F.2d 1223, 1232 (7th Cir. Ind. 1990).

6. OneWest's interest in the subject property is not adequately protected, and that sufficient grounds exist for modification of the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

7.  The Debtor has failed to offer credible evidence to dispute either the validity or amount of the debt upon which OneWest's proof of claim is predicated, and debtor has failed to establish sufficient, credible facts to rebut the proof of claim.

8.  The testimony of Suchan Murray was credible, and based on that testimony and her affidavit the court finds and concludes that the total claim amount and the arrearage amount of OneWest's claim is accurate.

9.  No basis is found to disallow OneWest's claim under 11 USC § 502(b).

10. Debtor's "Motion to Disallow Proposed Finding" and "Affidavit of Negative Averment" are treated as a series of objections to the One West Proposed Findings of Fact. They consist of a series of points that were earlier made in objections to the Motion to Modify Stay which were refuted by the evidence. Therefore, those objections are overruled.

## CONCLUSION

A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021 granting OneWest's motion for relief from the automatic stay and overruling debtor's objection to OneWest's proof of claim.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 21st day of 2010.

09 B 43687<br>
**In re: Aalim Mohammad**

# CERTIFICATE OF SERVICE

I, Dorothy Clay certify that on May 21, 2010, I caused to be served copies of the foregoing document to the following by electronic service through the Court's CM/ECF system or regular U.S. mail:

*/s/ Dorothy Clay*
Secretary/Deputy Clerk

## Electronic Service through CM/ECF System

Tom Vaughn
200 South Michigan Ste 1300
Chicago, IL 60604
Chapter 13 Trustee

Jose G Moreno
Berton J Maley
Gloria C Tsotsos
Codilis & Associates
15W030 North Frontage Road
Suite 100
Burr Ridge, IL 60527
Counsel for One West Bank, FSB

William T Neary
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

## First Class Mail

Aalim Mohammad
6205 S Michigan Ave
Apt 2A
Chicago, IL 60637
Debtor